

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00225-CR

Christopher Daniel **BELTRAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR9959
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori Massey Brissette, Justice
                Velia J. Meza, Justice

Delivered and Filed: June 17, 2026

REVERSED AND REMANDED

Appellant, Christopher Daniel Beltran, was indicted on two counts of burglary of a habitation. TEX. PENAL CODE ANN. § 30.02. The trial court deferred adjudication and placed Beltran on community supervision. The order of deferred adjudication required Beltran to participate in residential treatment at a Substance Abuse Felony Punishment Facility ("SAFPF"). Beltran served a period at the SAFPF, and then he was released to an aftercare transitional center. Beltran later relapsed, and the trial court amended his community supervision terms to provide

that Beltran enter the SAFPF "Relapse" residential treatment program. After Beltran was released from the SAFPF Relapse program, he was to continue treatment at another aftercare transitional center. Beltran, however, left the transitional center. The State then moved to adjudicate Beltran's guilt and revoke his community supervision.

On March 25, 2025, the trial court signed two judgments adjudicating Beltran guilty of burglary of a habitation and sentencing him to concurrent terms of imprisonment for ten years. Each judgment indicates that Beltran is entitled to 977 days of credit, which reflects time that he had already served while in federal custody. However, neither judgment provides total credit for the periods that Beltran served at the SAFPF and SAFPF Relapse.

On appeal, Beltran contends that he is entitled to an additional 344 days of credit for the total time that he served at the SAFPF and SAFPF Relapse. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(d).[1] The State concedes error. Accordingly, we sustain Beltran's sole issue. We reverse and remand this matter to the trial court for it to reform the judgments to include credit for the total time that Beltran served at the SAFPF and SAFPF Relapse.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[1] Texas Code of Criminal Procedure Article 42A.755(d) provides in relevant part:

> On revocation, the judge shall credit to the defendant time served as a condition of community supervision in a substance abuse felony punishment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or other court-ordered residential program or facility, but only if the defendant successfully completes the treatment program in that facility.

TEX. CODE CRIM. PROC. ANN. art. 42A.755(d).